**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONNY GARCIA CASCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Civil Action No. 26-5537 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jonny Garcia Casco's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed a response (ECF No. 7) and Petitioner replied (ECF No. 8). Following an Order from the Court, Respondents filed a supplemental response (ECF No. 11) and Petitioner replied (ECF No. 13). Having reviewed and considered the parties' submissions in support of and opposition to the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, Petitioner's § 2241 Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Nicaragua, is subject to a final order of removal. (*See generally* ECF No. 5.) Petitioner entered the United States without inspection on March 15, 2005. (ECF No. 11 at 1.) On July 8, 2011, an immigration judge granted Petitioner voluntary departure until September 6, 2011. (*Id.*) On February 14, 2013, the Board of Immigration Appeals ("BIA") dismissed

Petitioner's appeal and ordered that if Petitioner failed to voluntarily depart, Petitioner shall be removed. (*Id.* at 1–2.) Petitioner was subsequently removed from the United States on May 31, 2017. (*Id.* at 2.) Following his removal, Petitioner reentered the United States on an unknown date. (*Id.*)

On August 27, 2025, Immigrations Customs and Enforcement ("ICE") officers arrested Petitioner pursuant to a reinstated final order of removal. (*Id.*) On September 12, 2025, an asylum officer found Petitioner established a reasonable fear of persecution in Nicaragua and referred the matter to the immigration court for withholding only proceedings. (*Id.*) On December 19, 2025, an immigration judge ("IJ") denied Petitioner's application for withholding of removal. (*Id.*) On September 8, 2026, the BIA dismissed Petitioner's appeal of the IJ's decision. (*Id.*)

On September 16, 2026, the Third Circuit docketed Petitioner's Petition for Review and Petitioner's Motion for Stay of Removal. (ECF No. 13 at 2.) On the same day, the Third Circuit entered an order providing that Petitioner's removal is stayed until the Court decides his Motion for Stay of Removal. (*Id.*)

Petitioner remains detained as of the date of this Opinion, thirteen months after he was re-detained on August 27, 2025.

On May 15, 2026, Petitioner filed this Petition challenging his detention. (ECF No. 1.) Respondents replied (ECF Nos. 7, 11) and Petitioner replied (ECF No. 8, 13). This matter is ripe for consideration.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

In his Petition, Petitioner challenges his final order of removal. (ECF No. 1.) In his reply, Petitioner challenges his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing that his detention has become prolonged, and his removal is not likely in the reasonably foreseeable future. (*See generally* ECF No. 13.)

Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the 90-day removal period of Section 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute[,]" and the alien must be released. *Zadvydas*, 533 U.S. at 699. "Indefinite, perhaps permanent, detention" is not authorized. *Id.* To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat[.]" *Id.*

Therefore, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the

United States." *Id.* at 689. The Court found that a post-removal order detention period of six-months was "presumptively reasonable[;]" however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. *Id.* at 701.

"After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Therefore, an alien is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner argues that he has a pending appeal before the Third Circuit Court to Appeals, as well as an emergency motion to stay removal. (*See* ECF No. 13 at 2.) Petitioner argues that the Third Circuit entered an order providing that Petitioner's removal is stayed until the Court decides his Motion for Stay of Removal and as a result his removal is not significantly likely in the reasonably foreseeable future. (*Id.* at 2–3.) Respondents argue that Petitioner cannot carry his burden of demonstrating "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." (ECF No. 11 at 3.) Respondents rely on the fact that ICE is in possession of a valid passport for Petitioner in support of their argument that he cannot show that there is no significant likelihood of removal in for reasonably foreseeable future. (*Id.* at 4.)

Respondent's position is unconvincing. Although Respondents submit that ICE has a Nicaraguan passport for Petitioner, they do not show that they have made any attempt to remove him to date. Additionally, there is currently a discretionary stay on Petitioner's removal and there is no indication of when that stay may be lifted. As Petitioner cannot be removed at this time, the

Court finds that Petitioner has met his initial burden of showing that after thirteen months of detention his removal is not likely in the reasonably foreseeable future.

Based on the foregoing, Respondents have failed to meet their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, as the Government has not provided the Court with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. As such, Petitioner is entitled to release under an order of supervision, and the Petition is granted.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**, and Respondents shall **RELEASE** Petitioner from custody under the same conditions of release that existed immediately prior to his August 27, 2025 re-detention. The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of his removal in the reasonably foreseeable future. An appropriate Order accompanies this Opinion.

**Date:** September 24, 2026

***/s/Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**